1  MARC E. HANKIN (SBN: 170505)
   E-Mail:  Marc@HankinPatentLaw.com
2  ANOOJ PATEL (SBN: 300297)
   E-MAIL: Anooj@HankinPatentLaw.com
3  **HANKIN PATENT LAW, APC**
   12400 Wilshire Boulevard, Suite 1265
4  Los Angeles, CA  90025-1041
   Telephone:  (310) 979-3600
5  Facsimile:   (310) 979-3603

6  Attorneys for Plaintiff,
7  **LA QUINTA ARTS FOUNDATION**

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  LA QUINTA ARTS FOUNDATION, a          Case No. 5:21-cv-515
    California corporation
12                                          **VERIFIED COMPLAINT FOR**
13                    Plaintiff,            **1.  TRADEMARK**
                                                **INFRINGEMENT (15 U.S.C. §**
14  v.                                          **1114)**
                                            **2.  FALSE DESIGNATION OF**
15                                              **ORIGIN (15 U.S.C § 1125)**
16  CITY OF LA QUINTA, a California         **3.  DECLARATORY JUDGMENT**
    municipal corporation                      **(28 U.S.C. §§ 2201, 2202)**
17
18                    Defendant.            **DEMAND FOR JURY TRIAL**
19

20          Plaintiff LA QUINTA ARTS FOUNDATION ("LQAF"), by and through its

21  undersigned Counsel of Record, for its Verified Complaint alleges as follows:

22                    **JURISDICTION AND VENUE**

23          1.      This is a civil action against the CITY OF LA QUINTA ("THE CITY") for

24  trademark infringement, false designation of origin, and trademark dilution in violation

25  of the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"),

26  and related claims of declaratory judgment under Federal law. This Court has subject

27  matter jurisdiction over the trademark infringement, false designation of origin, and

28  trademark dilution claims pursuant to 28 U.S.C. § 1121(a), 28 U.S.C. § 1331, 28 U.S.C.

1  § 1338(a), 15 U.S.C. §1114, and 15 U.S.C. §1125.

2      2.    Venue is proper in this judicial district under 28 U.S.C. § 1391 in that the

3  claims arise in this judicial district, THE CITY transacts business in this judicial district,

4  and the injury LQAF suffered took place in this judicial district.

5  **PARTIES**

6      3.    LQAF is a California corporation. LQAF is a charitable, non-profit

7  organization that is in the business of promoting and cultivating the arts, amongst other

8  things, through putting on and maintaining an annual arts festival. LQAF's principal

9  place of business has traditionally been within the City of La Quinta, California.

10      4.    THE CITY is a California municipal corporation. THE CITY is the local

11  governing body for the City of La Quinta, California. THE CITY's principal place of

12  business is located within La Quinta, California.

13  **STATEMENT OF FACTS**

14  **A. LQAF's Trademark Rights**

15      5.    LQAF was founded in 1982 in La Quinta, California. Since March 1983,

16  LQAF has organized community art events.

17      6.    LQAF is the owner of a Trademark for LA QUINTA ARTS FESTIVAL

18  for organizing community art events.

19      7.    LQAF first applied to register the LA QUINTA ARTS FESTIVAL Mark

20  with the U.S. Patent and Trademark Office ("USPTO") in 2013, and successfully

21  registered the LA QUINTA ARTS FESTIVAL Mark in 2014 as U.S. Federal Trademark

22  Registration No. 4,578,706 for "organizing community festivals featuring art exhibitions

23  and art displays and also providing education lectures relating to art topics."

24      8.    Since 1983, LQAF has continuously used the LA QUINTA ARTS

25  FESTIVAL Mark.

26      9.    During these many years of use, the Mark has served as LQAF's signature

27  identifier that distinguishes and differentiates it from other art festivals.

28      10.    LQAF has used the Mark at all times since its creation, both before and

after registering the LA QUINTA ARTS FESTIVAL Mark, in connection with organizing community art events.

11.     LQAF has spent substantial amounts of funds in connection with its efforts over the years.

12.     As a result of LQAF's efforts, LQAF's customers and the general public have come to associate the Mark exclusively with LQAF and recognize LQAF as an exceptional organizer of community art events.

13.     The Mark, and the goodwill associated therewith, is a valuable asset of LQAF and a primary identifier of the source and origin of LQAF's services.

14.     LQAF has organized and put on an annual community arts event called LA QUINTA ARTS FESTIVAL in March of every year from 1983 until 2019.

15.     Due to a course of continual changes to the Civic Center Park of La Quinta and the unwillingness of THE CITY to enter into a long term use agreement for the use of the same on terms and conditions necessary to enhance and maintain its signature annual event, LQAF canceled the 2020 LA QUINTA ARTS FESTIVAL.

16.     Due to the Stay at Home Quarantine of 2020 and the continuation of the pandemic into 2021, LQAF has been prevented from producing an event similar to the LA QUINTA ARTS FESTIVAL in 2021.

17.     LQAF intended, and still intends, to continue use of the LA QUINTA ARTS FESTIVAL Mark and has informed the public of this ongoing intention through its website, https://lqaf.com/ writing that "the Foundation is excited about the new opportunities afforded by the City's vision for the Village buildout" and that "the Foundation is looking forward to working with the City on this and other prospective arts and culture initiatives." (see Exhibit A).

18.     LQAF further evidenced their intent to continue use of the LA QUINTA ARTS FESTIVAL Mark by writing on their website that LQAF is "beginning a strategic planning process which [they] expect will continue through the end of the fiscal year" and that a "series of stakeholder interviews along with research and consultation with

community organizations and partners will help solidify our strategic direction and help provide solid direction for a business and operations plan to move forward." (see Exhibit B).

**B. THE CITY Infringes LQAF's Trademark Rights**

19.    On or about January 9, 2020, upon information and belief, THE CITY created a Facebook page named "La Quinta Art Celebration" to promote a community art event scheduled for March 5-8, 2020.

20.    In the description, THE CITY included that "La Quinta has hosted an annual art event worthy of nation recognition since 1982" and "That tradition continues with a new signature art event". (See Exhibit C).

21.    On or about March 5th, 2020, THE CITY organized a community arts events and held the event from March 5th to March 8th, 2020. (See Exhibit D).

22.    The similarity between LA QUINTA ART CELEBRATION and LA QUINTA ARTS FESTIVAL as well as THE CITY's active portrayal of LA QUINTA ART CELEBRATION as a continuation of LA QUINTA ARTS FESTIVAL, has caused actual confusion in the minds of the general public as shown in Exhibits E-H.

23.    On a blog post about Fine Art Shows and Exhibitions, a booth holder from LA QUINTA ARTS FESTIVAL wrote that the "La Quinta Arts Festival returns in 2020, re-named the La Quinta Art Celebration" and that their booth will be the same as last year, referencing the 2019 LA QUINTA ARTS FESTIVAL. (See Exhibit E).

24.    Other websites advertised La Quinta Art Celebration with the logo and name of LQAF. (See Exhibit F).

25.    Another blog post indicated that an artist was "invited to participate in the newly branded La Quinta Art Celebration (formerly the La Quinta Arts Festival®)". (See Exhibit G).

26.    On August 6, 2019, the Palm Spring Desert Sun wrote that the "yet-to-be-named event, to debut March 5-8 at the Civic Center Campus, will build on the legacy of the nationally recognize La Quinta Arts Festival, which has traditionally been held

1    the first weekend of March since it began in 1982." (See Exhibit H). This shows THE

2    CITY's intent to appropriate the goodwill of LQAF by marketing the LA QUINTA ART

3    CELEBRATION as a continuation of LA QUINTA ARTS FESTIVAL.

4         27.    Notably, many in the general public confused LA QUINTA ART

5    CELEBRATION and LA QUINTA ARTS FESTIVAL and believed that the former was

6    a continuation of the latter.

7         28.    Not only did THE CITY use LA QUINTA ART CELEBRATION, a name

8    intentionally chosen because it is likely to evoke LQAF's LA QUINTA ARTS

9    FESTIVAL Mark, but THE CITY even went so far as to mention "La Quinta Arts

10    Festival" and promote their event by telling the public to "come visit us at this fabulous

11    new La Quinta festival."

12         29.    On August 20, 2019, THE CITY filed a U.S. Federal Trademark 1B Intent

13    to Use Application with the USPTO for LA QUINTA ART CELEBRATION for

14    "organizing community events featuring a variety of activities, namely, art exhibitions,

15    art displays, and heritage markets" (U.S. Federal Trademark Serial No. 88/586,113)

16    ("the CITY Application").

17         30.    The CITY Application received a Rejection from the USPTO on November

18    20, 2019.

19         31.    The USPTO cited the LA QUINTA ARTS FESTIVAL Mark as a bar to the

20    CITY Application, preventing THE CITY from registering the mark with the USPTO,

21    because there was a likelihood of confusion in the marketplace and purchasing public.

22         32.    Despite the USPTO's rejection of the CITY Application, THE CITY

23    decided anyway to market, promote, and organize a community art event under the

24    confusingly similar name "LA QUINTA ART CELEBRATION".

25         33.    LQAF is informed and believes and thereon alleges that, as a result of THE

26    CITY's appropriation and use of its Mark in a nearly identical manner, THE CITY has

27    reaped financial profits and gains, while LQAF has suffered financial losses.

28

**FIRST CLAIM FOR RELIEF**

**(For Trademark Infringement under 15 U.S.C. § 1114)**

34.    LQAF incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35.    THE CITY has wrongfully used the LA QUINTA ART CELEBRATION Mark, which is nearly identical to the Registered LA QUINTA ARTS FESTIVAL Mark, in connection with organizing community events featuring a variety of activities, namely, art exhibitions, art displays, and heritage markets.

36.    THE CITY's wrongful use of the Mark is likely to cause, has caused, and will likely continue to cause confusion and misdirect LQAF's customers and the consuming public.

37.    By appropriating LQAF's Registered Mark to organize community art events, which LQAF has done with its Mark for thirty-seven (37) years, it is highly likely that the public will perceive THE CITY's use as authorized, sponsored, licensed, or approved by LQAF, or otherwise affiliated, associated, or connected with LQAF's commercial and business activities.

38.    Indeed, there is significant evidence that the public has already associated THE CITY's use of LA QUINTA ART CELEBRATION as a continuation of LA QUINTA ARTS FESTIVAL.  *See, e.g.*, Exhibits E-H hereto.

39.    THE CITY has acted with knowledge of LQAF's ownership of the Mark and with deliberate intention or willful blindness to unfairly reap the benefit of LQAF's goodwill associated with its Mark.

40.    THE CITY's conduct constitutes willful and exceptional trademark infringement in violation of the Lanham Act.

41.    LQAF is informed and believes, and thereon alleges, that THE CITY has generated and will continue to generate substantial profits and gains to which it is not entitled in law or equity unless enjoined by this Court.

42.    LQAF has no adequate remedy at law.

6

## SECOND CLAIM FOR RELIEF

### (For False Designation of Origin under 15 U.S.C. § 1125)

43.    LQAF incorporates by reference paragraphs 1 through 42 of this Verified Complaint as though fully set forth herein.

44.    The Registered LA QUINTA ARTS FESTIVAL Mark has achieved a high level of consumer recognition and serves to identify and distinguish LQAF as organizing community art events of exceptionally high quality.

45.    THE CITY's use of LA QUINTA ART CELEBRATION Mark to organize community art events is intended, is likely, and has actually caused confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, or affiliation of THE CITY's services.

46.    THE CITY's use of LA QUINTA ART CELEBRATION Mark to organize community art events is intended, is likely, and has actually caused consumers and the public to mistakenly believe that THE CITY's services have been authorized, sponsored, licensed, or approved by LQAF, or are otherwise affiliated, associated, or connected with LQAF.

47.    THE CITY has acted in complete disregard of LQAF's right to control the LA QUINTA ARTS FESTIVAL Mark, and their conduct constitutes false designation of origin in violation of the Lanham Act.

48.    Irreparable harm to LQAF is imminent because of THE CITY's conduct, and LQAF is without an adequate remedy at law.

49.    LQAF is entitled to an injunction restraining THE CITY, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in any further such unlawful acts.

50.    THE CITY's acts were done intentionally and with knowledge of LQAF's rights.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment Under 28 U.S.C. §§ 2201, 2202)

7

51.    LQAF incorporates by reference paragraphs 1 through 50 of this Verified Complaint as though fully set forth herein.

52.    Pursuant to 28 U.S.C. §§ 2201 and 2202, LQAF seeks a declaratory judgment, declaring that THE CITY is not entitled to registration of any Trademarks incorporating the Mark, nor any colorable imitation thereof.

53.    LQAF is the nationwide senior user of its Mark, in connection with its services, as compared to THE CITY and their infringing use of LQAF's Mark.

54.    Despite LQAF's senior use and priority of right, THE CITY's now abandoned Trademark Application Serial No. 88586113 is being used by THE CITY in an unlawful manner as set forth more fully above.

## PRAYER FOR RELIEF

WHEREFORE, LQAF prays for judgment against THE CITY as follows:

55.    Granting preliminary and permanent injunctive relief restraining and enjoining THE CITY, their officers, agents, employees, attorneys, and all those persons or entities in participation or concert with them from:

(a)    Using the mark LA QUINTA ARTS FESTIVAL, LA QUINTA ART CELEBRATION, or any other elements of the Mark, or any confusingly similar item, to sell, offer for sale, advertise, promote, or market its community art events;

(b)    Engaging in any other conduct that falsely represents, or has the effect of falsely representing, that THE CITY's services are licensed by, authorized by, produced by, sponsored by, or in any other way associated with LQAF;

(c)    Engaging in any other conduct constituting unfair competition with LQAF, or acts or practices that deceive consumers or the public as to the source or origin of LQAF's LA QUINTA ARTS FESTIVAL Mark or any other elements associated with the Mark; and

(d)    Engaging in any other conduct that will dilute the distinctiveness and uniqueness of the Mark.

8

56.   Ordering THE CITY to deliver to LQAF for destruction and/or certify that THE CITY themselves have destroyed any and all advertising, promotional, and marketing materials or the like in their possession, custody, or control that THE CITY have used or have the ability in the future to use in violation of LQAF's Trademark Rights.

57.   Ordering THE CITY to file with this Court and serve on LQAF within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which THE CITY has complied with the injunction.

58.   Ordering THE CITY to provide an accounting to LQAF for any and all profits, gains, and advantages derived by their unlawful acts complained of herein.

59.   Entering a Declaratory Judgment declaring that THE CITY is not entitled to registration or use of the LA QUINTA ART CELEBRATION Mark.

60.   Such other and further relief as the Court deems just and proper.

Respectfully submitted,
**HANKIN PATENT LAW, APC**

Dated:  March 24, 2021          By:   */Marc E. Hankin /*

Marc E. Hankin, Esq.
Attorneys for Plaintiff,
**LA QUINTA ARTS FOUNDATION**

1

## <u>JURY TRIAL DEMANDED</u>

2

      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff La Quinta

3

Arts Foundation hereby demands a trial by jury as to all issues so triable.

4

5

                           Respectfully submitted,

6

                           **HANKIN PATENT LAW, APC**

7

8

Dated:  March 24, 2021          <u>By:</u>   <u>/Marc E. Hankin/</u>

9

                           Marc E. Hankin, Esq.

10

                           Attorneys for Plaintiff,

11

                           **LA QUINTA ARTS FOUNDATION**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT

1

## VERIFICATION

I am Chair of the Board of Directors of PLAINTIFF, LA QUINTA ARTS FOUNDATION. I have read the foregoing Verified Complaint and Exhibits thereto, and I know the contents thereof. The same is true of my own personal knowledge, except for those matters which have been stated herein on information and belief, and as to those matters, I believe them to be true.

I declare under the penalties of perjury of the State of California and the United States that the foregoing is true and correct. Executed at La Quinta, California, on March 24, 2021.

By: _____

Frank J. Delany

Chair of the LQAF Board of Directors

VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT